Bernard Ryan, P. J.
Reference is made to our opinion rendered on Motion M-4475 in the above-entitled claim November 19, 1957 and reported in 8 Miscellaneous 2d 937. Motion No. M-4475 was denied without prejudice to further proceedings. Claimant again applies for the issuance by this court of a certificate to the official stenographer of the sum to which he is entitled as statutory fees for the transcript of his minutes as provided by section 1493 of the Civil Practice Act. This time claimant has *939 given notice not only to the Attorney-General but to the County Treasurer of the County of Erie. The County Attorney of Erie County has appeared upon the return of the motion and has called attention to that provision of section 1493 of the Civil Practice Act which requires notice to the County Attorney, not to the County Treasurer. However, he waived this point and does not object to the issuance of this certificate for the amount of the statutory fees due the official stenographer who took and transcribed the stenographic minutes of the trial held in Erie County. Accordingly, such certificate will be issued.
However, the trial was not wholly conducted within the County of Erie. This being a court of State-wide jurisdiction with a centralized office in the Capitol at Albany and Judges not assigned to one county or to one judicial district but, in rotation, to the entire State of New York as a circuit, and there being no jury, the convenience of witnesses is often accommodated by the court taking testimony in a given case in more than one city. That practice was invoked upon the trial of this claim. Claimant, a resident of New York City, sued to recover damages against the State of New York based upon the neglect, refusal and negligence of its Department of Correction in failing to provide him with indicated medication, medical care and attention while he was an inmate of Attica Prison. As Attica Prison is located in Wyoming County the place wherein the claim arose was in the Buffalo district. Accordingly the claim appeared upon the trial calendar in the city of Buffalo and the trial was initiated there. However, prior to his commitment to Attica Prison claimant had been under the care of a physician in New York City. To accommodate this medical witness the trial was adjourned and his testimony on behalf of the claimant was taken at a session of the court held in New York City. In turn, the State’s medical witnesses, residents of Attica, were accommodated by a further adjournment of the trial and a continuance at the city of Buffalo. Thus the trial took place in two counties, the County of Erie and the County of Bronx.
Concededly claimant has given no notice to the County Attorney of Bronx County nor to the Corporation Counsel of the City of New York. Claimant seeks to have the whole amount of stenographers’ fees charged to the County of Erie. Its attorney objects to the payment of so much thereof as is due for the hearing which took place in the County of Bronx. The court supports the position taken by the County of Erie and declines to issue a certificate to its treasurer to cover the fees of the official stenographer for attendance in Bronx County.
Enter order in accordance with the foregoing.